AO 245B    (Rev. 09/08) Judgment in a Criminal Case
         Sheet 1



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 28 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT
Eastern District of Arkansas

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| YASHICA MARIE PEASTER | ) | Case Number: 4:09CR00111-001 SWW |
| | ) | USM Number: 82607-004 |
| | ) | Richard L. Hughes (appointed) |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

**X** pleaded guilty to count(s)    1 of the indictment

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 42 U.S.C. § 408(a)(7)(B) | Misuse of a Social Security Number, a Class D Felony | 08/15/2007 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

**X** Count(s)   2-6    ☐ is    **X** are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 24, 2011
Date of Imposition of Judgment

_/s/ Susan Webber Wright_
Signature of Judge

U. S. District Judge Susan Webber Wright
Name and Title of Judge

6-28-2011
Date

AO 245B (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: YASHICA MARIE PEASTER
CASE NUMBER: 4:09CR00111-001 SWW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**EIGHTEEN (18) MONTHS.**

The court makes the following recommendations to the Bureau of Prisons:
**IF DEFENDANT IS ELIGIBLE AND IF APPROPRIATE FOR DEFENDANT,** the Court recommends that defendant be incarcerated as close to Little Rock, Arkansas as possible; that defendant participate in mental health counseling, and educational /vocational training programs during incarceration.

☐ The defendant is remanded to the custody of the United States Marshal.

X The defendant shall surrender to the United States Marshal for this district:

    at __NOON__ ☐ a.m. ☐ p.m. on __JULY 25, 2011__ .

☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: YASHICA MARIE PEASTER
CASE NUMBER: 4:09CR00111-001 SWW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
**THREE (3) YEARS.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/08) Case 4:09-cr-00111-SWW   Document 41   Filed 06/28/11   Page 4 of 12
Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: YASHICA MARIE PEASTER
CASE NUMBER: 4:09CR00111-001 SWW

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall participate in mental health counseling under the guidance and supervision of the U.S. Probation Office.

2. Defendant shall disclose financial information upon request of the U.S. Probation Office, including, but not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which defendant is associated. No new lines of credit shall be established without prior approval of the U.S. Probation Office until all criminal penalties have been satisfied.

3. Defendant shall not obtain employment at an institution insured by the FDIC or at a Federal Credit Union.

DEFENDANT: YASHICA MARIE PEASTER
CASE NUMBER: 4:09CR00111-001 SWW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ NONE | $ 33,839.89 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| SEE ATTACHED LIST | | | |
| **TOTALS** | $ _____ | $ 33,839.89 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the ☐ fine X restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# Memorandum



| To               | Date                     |
|------------------|--------------------------|
| Eric Myrene      | June 24, 2011            |
| Rick Hughes      |                          |

| From        | Subject                 |
|-------------|-------------------------|
| Jana Harris | U.S. v. Yashica Peaster |

**Revised Restitution information:**

<u>Vehicle - $26,339.99</u>

    Santander
    Attention: Restitution
    8585 N. Stemmons Freeway, Suite 1100 - North
    Dallas, TX  75247
    RE:
    Account in the name of Yashica Bothwell, SSN ending in 6546

<u>Arvest Bank - $563.32</u>

    Arvest Bank
    Attn: Risk Management
    PO Box 11110
    Fort Smith, AR 72903
    RE:  Account no. 536746762 in the amount of $563.32

<u>Metropolitan Bank - $1,298.99</u>

    Metropolitan Bank
    Attn:  Mike Shepard, Vice President
    425 W. Capitol
    Little Rock, AR  72201
    Re:  Account ending in 190    $485.94
    RE:  Account ending in 591    $175.10
    RE:  Account ending in 214    $283.94
    RE:  Account ending in 583    $791.01

Memorandum to Eric Myrene and Rick Hughes
June 24, 2011
Page 2

Miscellaneous:

| Check # | Date | Amount | Payee |
| --- | --- | --- | --- |
| 7647 | 09/06/06 | $36.75 | Sims Bar-B-Que<br>1307 Barrow Road<br>Little Rock, AR 72204 |
| 7602 | 08/23/06 | $38.26 | Community Bakery<br>1202 S. Main Street, #220<br>Little Rock, AR 72202 |
| 7604 | 08/24/06 | 45.00 | BHT Investment #112-NLR-601-PC<br>PO Box 1469<br>North Little Rock, AR 72116 |
| 114 | 03/14/06 | $17.89 | CiCi's Pizza<br>PO Box 1070<br>North Little Rock, AR 72116 |
| 7525 | 04/22/06 | $59.11 | Hum's Hardware<br>4210 E. Broadway<br>North Little Rock, AR 72117 |
| 7524 | 04/21/06 | $55.00 | BHT Investment #112-NLR-601-PC<br>PO Box 1469<br>North Little Rock, AR 72116 |
| 7809 | 11/12/07 | $1,749.69 | Department of Finance & Administration<br>Collection Section<br>PO Box 3153<br>Little Rock, AR 72203<br>Voucher # 88000707348 & 88000707377 |

Memorandum to Eric Myrene and Rick Hughes
June 24, 2011
Page 3

---

| | | | |
|---|---|---|---|
| 7640 | 08/28/06 | $48.00 | Murphy Oil USA, Inc.<br>23800 Chenal Parkway<br>Little Rock, AR 72223 |
| 7662 | 09/09/06 | $382.83 | Garden Ridge<br>11801 Chenal Parkway<br>Little Rock, AR 72211 |
| 7668 | 09/23/06 | $473.96 | Best Buy<br>11800 Chenal Parkway<br>Little Rock, AR 72211 |
| 7672 | 10/02/06 | $238.15 | Dillards, Store #0437<br>Attn: Corporate Office<br>1600 Cantrell<br>Little Rock, AR 72201 |
| 7772 | 10/24/06 | $427.85 | Dillards, Store #0405<br>Attn: Corporate Office<br>1600 Cantrell<br>Little Rock, AR 72201 |
| 7774 | 11/01/06 | $128.46 | Dillards, Store #0405<br>Attn: Corporate Office<br>1600 Cantrell<br>Little Rock, AR 72201 |
| 7778 | 11/09/06 | $344.00 | Belk Department Store, #633/153<br>11525 Cantrell<br>Little Rock, AR 72212 |
| 7526 | 04/23/06 | $137.24 | Puff's #3<br>c/o Check Alert LLC<br>PO Box 95070<br>North Little Rock, AR 72190 |

Memorandum to Eric Myrene and Rick Hughes
June 24, 2011
Page 4

---

| | | | |
|---|---|---|---|
| 7583 | 08/18/06 | $58.00 | Crilanco Oil/Exxon<br>c/o Check Alert LLC<br>PO Box 95070<br>North Little Rock, AR 72190 |
| 7560 | 07/21/06 | $47.12 | Max Mart #38-NLR<br>c/o Check Alert LLC<br>PO Box 95070<br>North Little Rock, AR 72190 |
| 7561 | 07/23/06 | $48.00 | Jiffy Mart #21<br>c/o Check Alert LLC<br>PO Box 95070<br>North Little Rock, AR 72190 |
| 7579 | 08/16/06 | $158.95 | Sav-U-Mor Baseline<br>c/o Check Alert LLC<br>PO Box 95070<br>North Little Rock, AR 72190 |
| 7577 | 08/15/06 | $55.00 | Max Mart #12-LR<br>PO Box 22837<br>Little Rock, AR 72221 |
| 7587 | 08/18/06 | $49.00 | Max Mart #42-LR<br>c/o Check Alert LLC<br>PO Box 95070<br>North Little Rock, AR 72190 |
| 7529 | 04/26/06 | $485.00 | Unity Square, Inc.<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR 72115 |

Memorandum to Eric Myrene and Rick Hughes
June 24, 2011
Page 5

| 7528 | 04/25/06 | $22.85 | Sims Bar-B-Que<br>c/o Check Alert LLC<br>PO Box 95070<br>North Little Rock, AR 72190<br>1307 Barrow Rd.<br>Little Rock, AR 72204 |
|---|---|---|---|
| 7664 | 09/19/06 | $57.47 | Jiffy Lube-University Ave.<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR 72115 |
| 7595 | 08/20/06 | $15.82 | Wendys-2331<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR 72115 |
| 7582 | 08/14/06 | $13.28 | Wendys-2331<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR 72115 |
| 7650 | 09/11/06 | $106.50 | Asher Animal Clinic<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR 72115 |
| 7654 | 09/12/06 | $49.00 | Doublebees #101<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR 72115 |
| 7648 | 09/08/06 | $27.44 | Chick-Fil-A<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR 72115 |

Memorandum to Eric Myrene and Rick Hughes
June 24, 2011
Page 6

---

| | | | |
|---|---|---|---|
| 7592 | 08/19/06 | $25.24 | Wendys-2346<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR  72115 |
| 7642 | 08/29/06 | $37.30 | KFC #411<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR  72115 |
| 7597 | 08/21/06 | $54.22 | Razors Edge/Dominos #5330<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR  72115 |
| 7660 | 09/18/06 | $52.21 | Razors Edge/Dominos JFK-NLR<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR  72115 |
| 7603 | 08/23/06 | $28.00 | Razors Edge/Dominos #5327<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR  72115 |
| 7639 | 08/29/06 | $65.00 | Roosevelt Exxon<br>c/o Check Law Recovery Systems, Inc.<br>PO Box 1039<br>North Little Rock, AR  72115 |

There were additional checks that Ms. Peaster believed had been taken care of already in state court. We checked to verify that. There were some that had not, and those are included.

DEFENDANT: YASHICA MARIE PEASTER
CASE NUMBER: 4:09CR00111-001 SWW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** X Lump sum payment of $ __100__ due immediately, balance due

☐ not later than _____, or
X in accordance ☐ C, ☐ D, ☐ E, or X F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

The restitution imposed is payable during defendant's term of incarceration and supervised release. During incarceration, defendant will pay 50% per month of all funds that are available to her. Beginning the first month of supervised release, payments will be 10% per month of defendant's monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Restitution shall be joint and several with **Yashica Peaster (4:09CR00111-001)** and any other person who has been or will be convicted on an offense for which restiution to the same victim on the same loss is ordered.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.